**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| STEVEN G. BOLLING, | : |
| Plaintiff, | : Civil Action No. 08-3183 (MLC) |
| v. | : **MEMORANDUM OPINION** |
| GEORGE W. HAYMAN, et al., | : |
| Defendants. | : |

**APPEARANCES:**

Steven G. Bolling, Pro Se, SBI #790911A
New Jersey State Prison, P.O. Box 861, Trenton, NJ 08625-0861

**COOPER, District Judge**

Plaintiff seeks to bring this action in forma pauperis, without prepayment of fees. Based on his affidavit of indigence and prison account statement, the Court will grant his application, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the complaint ("Complaint").

Having reviewed the allegations set forth in the Complaint, pursuant to 28 U.S.C. § 1915A(a), the Court will dismiss the Complaint without prejudice to the filing of an amended complaint that complies with the Federal Rules of Civil Procedure.

## LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") requires the Court, before docketing or as soon as practicable thereafter, to review a complaint in a civil action in which a plaintiff is

proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See id.

Rule 8(a) of the Federal Rules of Civil Procedure states that a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought". Fed.R.Civ.P. 8(a). Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed.R.Civ.P. 8(d).

## DISCUSSION

Plaintiff submitted the Complaint on or after May 28, 2008, and a supplemental brief on July 17, 2008. The Complaint is 33 pages long (86 paragraphs), with 68 pages of attachments. Plaintiff brings claims against 10 named persons (plus twenty-three John and Jane Does) who had some role in his confinement since 2005. The rambling Complaint charges defendants with unrelated violations and, in addition, states claims on behalf of numerous other inmates. The Complaint also is heavily laden with

abbreviations understandable only to Plaintiff.  The Complaint describes events and Plaintiff's emotions in minute detail, but it fails to satisfy the requirement of Rule 8(a)(2) that it set forth "a short and plain statement of the claim showing that the pleader is entitled to relief", and the requirement of Rule 8(d)(1) that "[e]ach allegation must be simple, concise, and direct".  Fed.R.Civ.P. 8(a)(2) & (d)(1).  See McNeil v. United States, 508 U.S. 106, 113 (1993) (procedural rules in civil litigation should not be interpreted so as to excuse mistakes by those proceeding without counsel); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (affirming dismissal of pro se civil rights complaint naming numerous defendants, setting forth numerous causes of action, and numbering 15 pages and 88 paragraphs); Burks v. City of Phila., 904 F.Supp. 421, 424 (E.D. Pa. 1995) (striking pleading that was "gross departure from the letter and the spirit" of Rule 8 in failing to contain short and plain statement of claims).

This Court will accordingly dismiss the Complaint for failure to comply with Rule 8(a)(2) and (d)(1).  The dismissal is without prejudice to the filing — within 30 days of the date of entry of the Order and Judgment with this Opinion — of an amended complaint that sets forth a "short and plain statement of the claim showing that the pleader is entitled to relief",

Fed.R.Civ.P. 8(a)(2), and contains allegations that are "simple, concise and direct," Fed.R.Civ.P. 8(d)(1).

But Plaintiff is cautioned that if he elects to file an amended complaint, then the amended complaint must also comply with Rule 20(a)(2) of the Federal Rules of Civil Procedure, which limits the joinder of defendants, and Rule 18(a), which governs the joinder of claims.  See Fed.R.Civ.P. 18(a), 20(a)(2).  Rule 18 (a) provides : "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed.R.Civ.P. 18(a).  But Rule 20(a)(2) provides:  "Persons . . . may be joined in one action as defendants if:  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed.R.Civ.P. 20(a)(2)(A) & (B).  See United States v. Mississippi, 380 U.S. 128, 143 (1965) (where county registrars alleged to be carrying on activities that were part of series of transactions or occurrences, the validity of which depended upon questions of law or fact common to all of them, joinder of registrars in one suit as defendants was proper under Rule 20(a)).

Plaintiff here may not name more than one defendant in the amended complaint unless one claim against each additional

4

defendant is transactionally related to the claim against the first defendant, and involves a common question of law or fact. See Fed.R.Civ.P. 20(a)(2).  As the United States Court of Appeals for the Seventh Circuit recently explained, a prisoner may not join in one case all defendants against whom he may have a claim, unless he satisfies the dual requirements of Rule 20(a)(2):

> Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees - for the [PLRA] limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g) . . .
>
> A buckshot complaint that would be rejected if filed by a free person - say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions - should be rejected if filed by a prisoner.

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action [but o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed.R.Civ.P. 21.  In the event that Plaintiff improperly joins defendants in an amended complaint contrary to Rule 20(a)(2), this Court will drop the defendants who are not properly joined pursuant to Rule 21, without prejudice to Plaintiff to bring one or more new actions against the improperly joined defendants.

5

Plaintiff is also cautioned that, if he elects to file an amended complaint, his challenges based upon events that took place more than two years before he submitted the Complaint (i.e., before May 28, 2006) would be subject to the statute of limitations bar, since New Jersey's two-year limitations period on personal injury actions, N.J.S.A. § 2A:14-2, governs Plaintiff's claims.  See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989).  Finally, the amended complaint, if filed, should not include claims raised on behalf of other inmates, since Plaintiff lacks standing to raise those claims.[1]

## CONCLUSION

The Court — for the reasons set forth above — will dismiss the Complaint because it does not comply with Rule 8.  The

---

[1] Under the "next friend" doctrine, a third person has standing to file and pursue a claim in court on behalf of someone who is unable to do so on his or her own. See Whitmore v. Arkansas, 495 U.S. 149, 161-62 (1990).  The Whitmore Court set out two requirements that should be met by the one seeking to qualify for "next friend" standing: (1) "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate . . . and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest"; and (2) "a 'next friend' must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action." Id. at 163-64.  The burden is on the "next friend" to justify his status and, thereby, to obtain the jurisdiction of the federal courts. See id. at 164.

dismissal will be without prejudice to the filing of an amended complaint complying with Rules 8 and 20(a)(2), provided that the filing is made within 30 days from the date of entry of the Order and Judgment with this Opinion.  The Court will issue an appropriate order and judgment.

                                         s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

Dated:    August 14, 2008