**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                        :
STEVEN G. BOLLING,                      :
                                        :   CIVIL ACTION NO. 08-3183 (MLC)
     Plaintiff,                         :
                                        :         MEMORANDUM OPINION
     v.                                 :
                                        :
GEORGE W. HAYMAN, et al.,               :
                                        :
     Defendants.                        :
                                        :
```

**COOPER, District Judge**

The plaintiff, Steven G. Bolling ("Bolling"), brings this action pursuant to 42 U.S.C. § ("Section") 1983 alleging violations of his Constitutional rights. (Dkt. entry no. 10, Am. Compl. at 4.) The defendants George Hayman ("Hayman"), Peter Roselli ("Roselli"), Michelle Ricci ("Ricci"), Gary Shepperd ("Shepperd"), Donald Gibbons ("Gibbons"), Kerri Edleman ("Edleman"), and Ellen Kater ("Kater") ("moving defendants"), now move to dismiss the Complaint insofar as asserted against them pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and for summary judgment in their favor. (Dkt. entry no. 61, Motion to Dismiss.) The plaintiff opposes the motion. (Dkt. entry no. 67, Pl. Br.) The Court determines the motion on the briefs without an oral hearing, pursuant to Rule 78(b). For the reasons stated herein, the Court will grant the part of the motion seeking to dismiss the Complaint insofar as it asserts

claims against the moving defendants, and deny the part of the motion seeking summary judgment as moot.

## BACKGROUND

The plaintiff is currently incarcerated in New Jersey State Prison ("NJSP"). (Am. Compl. at 1.) He commenced this action in June 2008. (Dkt. entry no. 1, Compl.; Am. Compl. at 2-4.) The Court initially dismissed the Complaint in August 2008. (Dkt. entry no. 5, 8-14-08 Order.) The plaintiff filed an Amended Complaint in November 2008. (Am. Compl.) The Court, noting that the Amended Complaint was factually conflicting and obscure, ordered the plaintiff to file a clarifying supplement to his Amended Complaint. (Dkt. entry no. 18, 3-3-09 Order.) The plaintiff filed a supplement to the Amended Complaint on May 15, 2009. (Dkt. entry no. 39, Supplement.) The Court permitted the plaintiff to file a final Amended Complaint solely for the purpose of adding a new defendant in December 2009. (Dkt. entry no. 63, 12-11-09 Order.)

The plaintiff alleges that the defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment, violated his due process rights, and discriminated against him in violation of the Fourteenth Amendment. He states that the defendants collectively were "personally involved in the [New Jersey Department of Corrections] customs, practice, and unspoken policy of disregarding inmates' constitutionally-

protected rights, denying [him] meaningful process by which to challenge his wrongful treatments, [and] seeking to prevent [him] from court/attorney access to redress his grievances and pursuing court action." (Am. Compl. at 4-5.) The plaintiff also makes specific allegations toward each defendant. He brings this action against Hayman in his official capacity for conspiring to retaliate and violate his constitutional rights and failing to properly supervise state employees. (Id. at 2.) He also brings this action against Roselli in his official capacity for conspiring to retaliate and violate the plaintiff's constitutional rights and failing to train and supervise his staff. (Id.) He further states that Roselli failed to ensure that he received adequate psychiatric care. (Id.)

The plaintiff further brings this action against Ricci in her official capacity for failing to ensure that his medical and psychiatric treatment needs were met, and for conspiring to retaliate and violate his constitutional rights. (Id.) He states that Ricci failed to supervise state employees and failed to ensure that the plaintiff was not subject to inadequate administrative proceedings. (Supplement at 4.) The plaintiff brings this action against Shepperd in his official capacity for failing to ensure that he received due process, access to the court and an attorney, and adequate and meaningful law library time. (Am. Compl. at 3.)

The plaintiff sues Kater in her official capacity for failing to follow treatment guidelines. (Id.) He states that Kater conspired to retaliate and violate his constitutional rights and failed to ensure that he received adequate medical care. (Supplement at 5.) The plaintiff sues Edleman in her official capacity for failing to address his mental and psychological concerns and failing to ensure proper standards for treatment of psychiatric patients. (Am. Compl. at 3.) He further states that Edleman failed to prevent the falsification of his medical reports and discrimination against him. (Id.) The plaintiff sues Gibbons in his official capacity for failing to supervise employees of the medical department and failing to ensure that his treatment was consistent with professional standards. (Id. at 4.) He further alleges that Gibbons submitted falsified records and failed to protect him from discrimination. (Id.)

The plaintiff's major allegation is that while confined, he did not receive adequate medical and psychiatric care. (Am. Compl. at 9-16.) He alleges numerous instances in which he claims he was denied adequate medical and psychiatric care. (Id.) He contends that he consistently sought legal help and filed grievances regarding the wrongdoing by prison staff. (Id. at 6.) He states that prison officials failed to investigate his complaints and simply denied them without investigation. (Id.)

He states that his psychiatric illnesses were exacerbated when he was placed in the general population prison setting and that he was taken off his medications. (Supplement at 8.) The plaintiff next alleges that between June and September of 2006, he received no licensed psychological help. (Am. Compl. at 10.) He states that during this time, he was "briefly seen about twice monthly by [a] psychiatrist." (Id.) He states that he was seen by a licensed clinical social worker who issued psychological progress notes, evaluation reports, conducted psychological sessions and engaged in other acts without a licensed psychological capacity. (Id.)

The plaintiff alleges that in September 2006, he was represented in a disciplinary hearing. (Am. Compl. at 11.) He states that the paralegal representing him "did nothing to competently represent [his] interest." (Id.) He further states that the paralegal submitted an appeal in this matter that was unauthorized by the plaintiff. (Id. at 12.) The plaintiff further alleges that in April 2007, he was denied telephone access to his attorney for nearly a year. (Id. at 13.) He further states that he was denied law library usage and efficient paralegal assistance. (Id. at 7.)

**DISCUSSION**

**I.    12 (b)(6) Standard**

In addressing a motion to dismiss a complaint under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  At this stage, a "complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- that the 'pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1950 (quoting Rule 8(a)(2)).

**II.   Section 1983**

To state a claim under Section 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged

6

deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d. Cir. 1994).

**III. Current Motion**

The moving defendants move to dismiss the Complaint. (Motion to Dismiss at 7.) They first argue that the plaintiff's claims against them are barred by the Eleventh Amendment. (Id. at 8.) They argue that as state officials being sued in their official capacities, they are immune from a suit for damages. (Id. at 9-10.) They further argue that, in their official capacities, they are not persons amenable to suit under Section 1983. (Id. at 10.) They argue that Section 1983 claims do not override Eleventh Amendment immunity, and as such, the moving defendants cannot be sued under Section 1983 in their official capacities. (Id. at 12.)

The plaintiff argues that suits against individuals in their official capacity are not barred by the Eleventh Amendment. (Pl. Br. at 12.) Th plaintiff states that because he is seeking declaratory and injunctive relief in addition to his damages claims, the action may proceed against the defendants in their official capacities. (Id.)

The Court will grant the moving defendants' motion to dismiss. The Eleventh Amendment provides states, state agencies, and state officials with immunity from suits for damages in

federal court brought against them in their official capacities. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989).  The Court further notes that "Section 1983 does not override a [s]tate's Eleventh Amendment immunity."  Kirkland v. Morgievich, No. 04-1651, 2005 WL 3465669, at *2 (D.N.J. Dec. 19, 2005).  State officials acting in their official capacities are not persons for Section 1983 purposes.  Will, 491 U.S. at 71. "[N]either a [s]tate nor its officials acting in their official capacities are 'persons' under [Section] 1983."  Hafer v. Melo, 502 U.S. 21, 26 (1991).  The plaintiff here has only brought this action against the moving defendants in their official capacities, and as such, the claims against these defendants for damages must be dismissed.

The Eleventh Amendment does not, however, prohibit suits against state officials for prospective injunctive relief or declaratory relief.  McCann v. N.J. Dep't of Personnel, No. 08-5031, 2009 WL 4125372, at *3 (D.N.J. Nov. 17, 2009).  "Claims for prospective injunctive relief against [s]tates and their officials are not barred by the Eleventh Amendment."  Kirkland, 2005 WL 3465669, at *2.

The Court, however, will also dismiss any claim the plaintiff may be bringing for injunctive or declaratory relief against the moving defendants.  While a claim for injunctive relief is permitted against state officials sued in their

official capacity, the plaintiff's claim for injunctive relief must be more than merely speculative.

"To obtain . . . injunctive relief, [the plaintiff] must demonstrate: (1) a reasonable probability of success on the merits; (2) irreparable harm if relief is denied; (3) that granting the injunction will not result in greater harm to the non-moving party; and (4) that granting the injunction would serve the public interest." Id. at *2. "[F]or standing based on prospective injunctive relief, a plaintiff must demonstrate a 'real and immediate' threat of injury." Id. at *3. In Kirkland, the Court dismissed the claim for injunctive relief where the plaintiff only alleged past civil rights violations in his complaint. Id. at *3. The Court stated that "[p]ast exposure to illegal conduct does not . . . show a present case . . . regarding injunctive relief." Id. (citation omitted).

The Complaint here, as with the complaint in Kirkland, only alleges past exposure to illegal conduct and not a real and immediate threat of injury. The plaintiff states that he was denied adequate medical care until March 2008. (Am. Compl. at 5.) He further states that he has received psychiatric care throughout his time in prison. (Id. at 8.) The plaintiff has not alleged an ongoing violation of federal law, and as such the Court will dismiss the plaintiff's claim for injunctive relief. See Vacek v. Pa. Judicial Conduct Bd., No. 08-221, 2010 WL

831000, at *7 n.6 (W.D. Pa. Mar. 4, 2010) (dismissing claims for injunctive relief against defendants in their official capacities when the claims were "necessarily based on . . . prior actions . . . [as] there [was] no ongoing violation of federal law upon which to base any claims for injunctive relief").

The Court further finds that the plaintiff's claim for declaratory relief fails.  Th plaintiff may not seek declaratory relief "merely to have [the] Court declare that past actions of the [d]efendants have violated his rights."  Sharp v. Johnson, No. 00-2156, 2008 WL 941686, at *11 (W.D. Pa. Apr. 7, 2008). "The Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past." Id. (citation omitted).  The plaintiff here seeks a judgment declaring that the defendants' past actions were violative of federal law.  (Am. Compl. at 16.)  Such a claim is not permitted, and as such, the Court will dismiss any claim for declaratory relief against the moving defendants.

**CONCLUSION**

For the reasons stated supra, the Court will grant the part of the motion seeking to dismiss the Complaint insofar as it alleges claims against the moving defendants and deny the part of the motion seeking summary judgment as moot.[1]

                                              s/Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

Dated:    April 14, 2010

---

[1] Two defendants - listed as "New Jersey University of Medical and Dentistry" and "University of Correctional Health Care" - remain. (See dkt. entry no. 77, Second Am. Compl.)