**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| STEVEN G. BOLLING, | CIVIL ACTION NO. 08-3183 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. |  |
| GEORGE W. HAYMAN, et al., |  |
| Defendants. |  |

**THE PLAINTIFF** moves for entry of default judgment against the defendants named as University Correctional Health Care and New Jersey University of Medicine and Dentistry. (Dkt. entry no. 116.) The motion will be denied. Furthermore, the remaining claims herein will be dismissed.

**THE PLAINTIFF PRISONER**, who is pro se, brought this action under 42 U.S.C. § 1983 on June 26, 2008, and is proceeding under 28 U.S.C. § 1915. (Dkt. entry no. 1, Compl.; dkt. entry no. 5, 8-14-08 Order.) The Complaint was dismissed as being deficient under the Federal Rules of Civil Procedure ("Rules"), but the plaintiff was granted leave to amend the Complaint. (8-14-08 Order; see dkt. entry no. 4, 8-14-08 Op.) The plaintiff filed the Amended Complaint, and the Magistrate Judge reopened the action. (Dkt. entry no. 10, Am. Compl; dkt. entry no. 16, 2-13-09 Order.)

**THE DEFENDANTS** who were then in the action separately moved for summary judgment or to dismiss the Amended Complaint. (Dkt. entry no. 60, 10-23-09 Mot.; dkt. entry no. 61, 11-13-09 Mot.)

**WHILE** the separate motions were pending, the Magistrate Judge granted the plaintiff leave to file a second amended complaint adding New Jersey University of Medicine and Dentistry as a defendant. (Dkt. entry no. 63, 12-11-09 Order.) The plaintiff filed the Second Amended Complaint, but named both New Jersey University of Medicine and Dentistry and University Correctional Health Care as defendants for the first time. (Dkt. entry no. 77, 2d Am. Compl.)

**THE COURT** granted the separate motions. (Dkt. entry no. 87, 1-22-10 Order; dkt. entry no. 98, 4-14-10 Order; see dkt. entry no. 86, 1-22-10 Op.; dkt. entry no. 97, 4-14-10 Op.) Thus, only New Jersey University of Medicine and Dentistry and University Correctional Health Care remain in the action.

**DEFAULT** was entered against New Jersey University of Medicine and Dentistry and University Correctional Health Care. (See unnumbered dkt. entry after dkt. entry no. 108.) The plaintiff now moves for entry of default judgment against them. See Fed.R.Civ.P. 55(b).

**DEFAULT JUDGMENTS** are disfavored, as they contravene the policy in favor of resolving disputes on the merits. See Hritz v. Woma Corp., 732 F.2d 1178, 1180-81 (3d Cir. 1984). The Court may enter a default judgment only if a plaintiff's factual allegations establish a right to the requested relief. See Wagstaff-El v. Carlton Press Co., 913 F.2d 56, 57 (2d Cir. 1990); see Dempsey v.

Pistol Pete's Beef N Beer, No. 08-5454, 2010 WL 2674436, at *4-5 (D.N.J. June 29, 2010) (denying unopposed motion for entry of default judgment, as complaint lacked sufficient allegations); Signs by Tomorrow-USA v. G.W. Engel Co., No. 05-4353, 2006 WL 2224416, at *2 (D.N.J. Aug. 1, 2006) (stating court must determine whether unchallenged facts constitute legitimate cause of action before granting default judgment).  The Court also must determine whether a defendant would have had a meritorious defense. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

**BY FORCE OF THE SAME REASONING**, the Court will deny the motion and dismiss the claims remaining in the Second Amended Complaint sua sponte.  See 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (stating court can dismiss complaint "at any time" if court determines action is frivolous or fails to state claim on which relief may be granted).

**FIRST**, the Second Amended Complaint does not comply with Rules 8(a), 8(d), 18, and 20.  The Court cannot discern — in the twenty-seven handwritten pages — what the plaintiff is claiming against which party, and in particular what he asserts concerning University Correctional Health Care and New Jersey University of Medicine and Dentistry.  The Court is uncertain whether the plaintiff seeks redress against University Correctional Health Care and New Jersey University of Medicine and Dentistry based on federal law, e.g., 42 U.S.C. § 1983, or state law, and thus

3

whether there is subject matter jurisdiction at this juncture. See 28 U.S.C. § 1367(c)-(d). The plaintiff has already been advised of these types of deficiencies. (See 8-14-08 Op.)[1]

**SECOND**, a plaintiff prisoner must exhaust administrative remedies before asserting claims in federal court. 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 524 (2002). Here, the plaintiff has made no such showing, even though a grievance procedure exists. See Concepcion v. Morton, 306 F.3d 1347, 1354-55 (3d Cir. 2002) (discussing New Jersey Department of Corrections procedure). The plaintiff is aware of this requirement, and has previously demonstrated his ability to utilize the grievance procedure. (See 1-22-10 Op. at 5-10.) The Court is permitted to dismiss claims on this ground. See 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); Cosgrove v. Cappachella, 325 Fed.Appx. 52, 54-55 (3d Cir. 2009) (affirming district court's sua sponte order dismissing pro se prisoner complaint for failure to exhaust remedies).[2]

---

[1] The Court can discern allegations in the Second Amended Complaint that are speculative and irrelevant. (See 2d Am. Compl. at 3 (University Correctional Health Care's "bottom line is directly impacted by the cost of goods and services it provides to prisoners"); id. (stating same as to New Jersey University of Medicine and Dentistry, and accusing it of "corruption, robbery and fraud . . . that boosted [its] funding").)

[2] The plaintiff may be alleging that a record of grievances is not maintained. (2d Am. Compl. at 23.) That allegation — based on exhibits filed earlier in this litigation showing the plaintiff's grievance forms — would be without merit. (See dkt. entry no. 60, Holtzman Certif., Ex. A (featuring over 100 pages of plaintiff's grievance forms).)

**THIRD**, the plaintiff's addition of University Correctional Health Care as a defendant was improper, as he was not granted leave to do so.  (See 12-11-09 Order.)  See Fed.R.Civ.P. 15(a).

**THE COURT** cannot weigh the merits of the remaining claims in the Second Amended Complaint, as the Court cannot discern the plaintiff's factual allegations or whether he is entitled to any relief.  Furthermore, it appears that University Correctional Health Care and New Jersey University of Medicine and Dentistry would have meritorious defenses.  Therefore, the Court will deny the motion, and dismiss the Second Amended Complaint.  If the plaintiff is able to remedy the deficiencies addressed above, then he may move to reopen the action and to seek leave to file a proper third amended complaint containing allegations against University Correctional Health Care and New Jersey University of Medicine and Dentistry only.  For good cause appearing, the Court will issue an appropriate order and judgment.

          s/ Mary L. Cooper
          **MARY L. COOPER**
          United States District Judge

Dated:  May 16, 2011