**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                    :
STEVEN G. BOLLING,                  :   CIVIL ACTION NO. 08-3183 (MLC)
                                    :
     Plaintiff,                     :        OPINION & ORDER
                                    :
     v.                             :
                                    :
GEORGE W. HAYMAN, et al.,           :
                                    :
     Defendants.                    :
_____:
```

**THE PLAINTIFF**, who is a pro se prisoner, initially brought this action against defendants listed as George W. Hayman, Peter T. Roselli, Michelle R. Ricci, Gary J. Sheppard, Mr. (FNU) Pugh, Correctional Medical Services, Correctional Behavioral Services, RN. Ellen Kater, Dr. (FNU) Etelman, and Dr. Don Gibbons ("First Set Of Defendants").  (Dkt. entry no. 1, Compl.)  The Court, upon screening the Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, dismissed the Complaint for the plaintiff's failure to comply with Federal Rules of Civil Procedure ("Rules") 8 and 20.  (Dkt. entry no. 5, 8-14-08 Order; see dkt. entry no. 4, 8-14-08 Op. at 2-5.)  The Court also noted that the plaintiff appeared to raise claims that were barred by the statute of limitations.  (See 8-14-08 Op. at 6.)  The dismissal, however, was without prejudice to the plaintiff to submit a proposed amended complaint for further screening.  (See 8-14-08 Order at 1.)

**THE PLAINTIFF** submitted an Amended Complaint, which again named the First Set Of Defendants.  (Dkt. entry no. 10, Am.

Compl.)  However, the Amended Complaint was deemed to be filed without being screened.

**THE PLAINTIFF** then submitted a Second Amended Complaint, which asserted claims against (1) the First Set Of Defendants, and (2) the defendants University of Medicine and Dentistry of New Jersey and University Correctional Health Care ("Second Set Of Defendants") for the first time.  (Dkt. entry no. 77, 2d Am. Compl.)[1]  However, the Second Amended Complaint was deemed to be filed without being screened.

**SUMMARY JUDGMENT** was eventually entered in favor of Hayman, Roselli, Ricci, Sheppard, Correctional Medical Services, Kater, Etelman, and Gibbons.  (Dkt. entry no. 86, 1-22-10 Op.; dkt. entry no. 87, 1-22-10 Order; dkt. entry no. 97, 4-14-10 Op.; dkt. entry no. 98, 4-14-10 Order.)  Furthermore, the remainder of the Second Amended Complaint was dismissed for (1) the plaintiff's failure to comply with Rules 8, 18, and 20, (2) the plaintiff's failure to demonstrate exhaustion of administrative remedies, and (3) the plaintiff's assertion of speculative and irrelevant allegations.  (Dkt. entry no. 118, 5-16-11 Order; see dkt. entry no. 117, 5-16-11 Op.)  That dismissal was without prejudice to

---

[1] The plaintiff incorrectly names University Correctional Health Care as "University of Correctional Health Care".  See Gaston v. Balicki, No. 10-4316, 2011 WL 1833354, at *1 n.2 (D.N.J. May 12, 2011) (stating "the University of Medicine and Dentistry of New Jersey . . . provided medical services to state inmates through its University Correctional Health Care unit for several years").

the plaintiff to move to reopen and to submit a proposed third amended complaint for screening. (See 5-16-11 Order.)

**THE PLAINTIFF** now moves to reopen, and submits the proposed Third Amended Complaint for screening. (Dkt. entry no. 121, 1st Mot. to Reopen; dkt. entry no. 126, 2nd Mot. to Reopen (with proposed Third Amended Complaint annexed).) The proposed Third Amended Complaint, which is 41 pages long, asserts claims against the Second Set Of Defendants only.

**THE COURT** is authorized to screen and dismiss a pro se prisoner complaint "at any time" if it is frivolous or malicious, fails to state a claim on which relief may be granted, or asserts a claim against a defendant who is immune. See 28 U.S.C. § 1915(e)(2). The Court intends to grant the motion to reopen in order to facilitate the screening of the proposed Third Amended Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A and 42 U.S.C. § 1997e. The Court, in granting the motion to reopen, offers no opinion on the merits of the claims asserted in the proposed Third Amended Complaint at this time. The plaintiff should neither attempt to serve the proposed Third Amended Complaint, nor submit any supplemental pleadings, pending the Court's review of the proposed Third Amended Complaint. For good cause appearing:[2]

---

[2] The Court will order the Clerk of the Court to designate the action insofar as it was brought against Pugh and Correctional Behavioral Services as terminated. The proposed Third Amended Complaint asserts claims against the Second Set Of Defendants only.

**IT IS THEREFORE** on this   16th   day of December, 2011, **ORDERED** that the motion to reopen the action (dkt. entry nos. 121 and 126) is **GRANTED** for the purposes of facilitating the screening of the proposed Third Amended Complaint for possible dismissal; and

**IT IS FURTHER ORDERED** that the Clerk of the Court will **NOT** deem the proposed Third Amended Complaint to be filed until so ordered by the Court; and

**IT IS FURTHER ORDERED** that the Clerk of the Court designate the action insofar as asserted against the defendants Mr. (FNU) Pugh and Correctional Behavioral Services as **TERMINATED**.

                                                  s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge