**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEVEN G. BOLLING, | : CIVIL ACTION NO. 08-3183 (MLC) |
| Plaintiff, | : **O P I N I O N** |
| v. | : |
| GEORGE W. HAYMAN, et al., | : |
| Defendants. | : |

**THE PLAINTIFF**, who is a pro se prisoner, initially brought this action against defendants listed as George W. Hayman, Peter T. Roselli, Michelle R. Ricci, Gary J. Sheppard, Mr. (FNU) Pugh, Correctional Medical Services, Correctional Behavioral Services, RN. Ellen Kater, Dr. (FNU) Etelman, and Dr. Don Gibbons ("First Set Of Defendants"). (Dkt. entry no. 1, Compl.) The Court, upon screening the Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, dismissed the Complaint for the plaintiff's failure to comply with Federal Rules of Civil Procedure ("Rules") 8, 18 and 20. (Dkt. entry no. 5, 8-14-08 Order; see dkt. entry no. 4, 8-14-08 Op. at 2-5.) Specifically, the Court explained to the plaintiff:

> Rule 8(a) of the Federal Rules of Civil Procedure states that a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought". Fed. R. Civ. P. 8(a). Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d). . . . . The Complaint is 33 pages long (86 paragraphs) . . . . . The Complaint describes events and Plaintiff's

emotions in minute detail, but it fails to satisfy the requirement of Rule 8(a)(2) that it set forth "a short and plain statement of the claim showing that the pleader is entitled to relief", and the requirement of Rule 8(d)(1) that "[e]ach allegation must be simple, concise, and direct". Fed. R. Civ. P. 8(a)(2) & (d)(1).  See McNeil v. United States, 508 U.S. 106, 113 (1993) (procedural rules in civil litigation should not be interpreted so as to excuse mistakes by those proceeding without counsel); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (affirming dismissal of pro se civil rights complaint naming numerous defendants, setting forth numerous causes of action, and numbering 15 pages and 88 paragraphs); Burks v. City of Phila., 904 F. Supp. 421, 424 (E.D. Pa. 1995) (striking pleading that was "gross departure from the letter and the spirit" of Rule 8 in failing to contain short and plain statement of claims).  . . .  Rule 20(a)(2) of the Federal Rules of Civil Procedure, which limits the joinder of defendants, and Rule 18(a), which governs the joinder of claims.  See Fed. R. Civ. P. 18(a), 20(a)(2).  Rule 18 (a) provides : "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  But Rule 20(a)(2) provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(A) & (B).  See United States v. Mississippi, 380 U.S. 128, 143 (1965) (where county registrars alleged to be carrying on activities that were part of series of transactions or occurrences, the validity of which depended upon questions of law or fact common to all of them, joinder of registrars in one suit as defendants was proper under Rule 20(a)). Plaintiff here may not name more than one defendant in the amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant, and involves a common question of law or fact.  See Fed. R. Civ. P. 20(a)(2). As the United States Court of Appeals for the Seventh Circuit . . . explained, a prisoner may not join in one case all defendants against whom he may have a claim, unless he satisfies the dual requirements of Rule 20(a)(2):

>     Thus, multiple claims against a single party are
>     fine, but Claim A against Defendant 1 should not be
>     joined with unrelated Claim B against Defendant 2.
>     Unrelated claims against different defendants
>     belong in different suits, not only to prevent the
>     sort of morass that this 50-claim, 24-defendant
>     suit produced but also to ensure that prisoners pay
>     the required filing fees - for the [PLRA] limits to
>     3 the number of frivolous suits or appeals that any
>     prisoner may file without prepayment of the
>     required fees.  28 U.S.C. § 1915(g) . . . .  A
>     buckshot complaint that would be rejected if filed
>     by a free person - say, a suit complaining that A
>     defrauded the plaintiff, B defamed him, C punched
>     him, D failed to pay a debt, and E infringed his
>     copyright, all in different transactions - should
>     be rejected if filed by a prisoner.
>
> George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

(8-14-08 Op. at 2-5.)

The Court therefore dismissed the Complaint.  The dismissal, however, was without prejudice to the plaintiff to submit a proposed amended complaint for further screening.  (See 8-14-08 Order at 1.)

**THE PLAINTIFF** submitted an Amended Complaint, which again named the First Set Of Defendants.  (Dkt. entry no. 10, Am. Compl.)  The action was then reopened and the Amended Complaint was deemed to be filed, but the Amended Complaint was not screened.  (Am. Compl; dkt. entry no. 16, 2-13-09 Order.)

**THE FIRST SET OF DEFENDANTS** separately moved for summary judgment or to dismiss the Amended Complaint.  (Dkt. entry no. 60, 10-23-09 Mot.; dkt. entry no. 61, 11-13-09 Mot.)

**WHILE** the summary judgment motions by the First Set Of Defendants were pending, leave was granted to file a second

amended complaint adding New Jersey University of Medicine and Dentistry ("UMDNJ") as a new defendant. (Dkt. entry no. 63, 12-11-09 Order.) In response, the plaintiff filed a Second Amended Complaint (1) asserting claims against the First Set Of Defendants, and (2) naming UMDNJ and, in addition, University Correctional Health Care ("UCHC") ("Second Set Of Defendants") as defendants for the first time. (Dkt. entry no. 77, 2d Am. Compl.) The Second Amended Complaint was also not screened. (See dkt. entries nos. 78 and 79.)

**THE COURT** granted summary judgment to the First Set Of Defendants. (Dkt. entry no. 87, 1-22-10 Order; dkt. entry no. 98, 4-14-10 Order; see dkt. entry no. 86, 1-22-10 Op.; dkt. entry no. 97, 4-14-10 Op.) The Court explained to the plaintiff:

> Respondeat superior cannot be a basis for Section 1983 liability. See Durmer v. O'Carroll, 991 F.2d 64, 69 n.14 (3d Cir. 1993). As such, [a supervising entity] cannot be held liable for the actions of its employees. [See] Natale v. Camden County Corr. Facility, 318 F.3d 575, 583 (3d Cir. 2003). . . . The plaintiff alleges that [the supervising entity] should be liable for failure to supervise its employees. (Am. Compl. at 4.) "To hold a supervisor liable under Section 1983 for failure to supervise properly, 'the plaintiff must identify [the supervising entity's action showing that entity's personal involvement in the alleged wrong]. The plaintiff here has failed to sufficiently allege facts that [the defendant entity], in its supervisory capacity, violated his Eighth Amendment rights.

(1-22-10 Op. at 8-9.)

Following the Court's grant of summary judgment to the First Set Of Defendants, only the Second Set Of Defendants remained in the action.

**AFTER DEFAULT** was entered against the Second Set Of Defendants (see unnumbered dkt. entry after dkt. entry no. 108), the plaintiff moved for entry of default judgment against them. See Fed.R.Civ.P. 55(b).  But default judgments are disfavored, as they contravene the policy in favor of resolving disputes on the merits, and the Court denied the motion and dismissed the Second Amended Complaint as to the Second Set Of Defendants (dkt. entry no. 118, 5-16-11 Order; see dkt. entry no. 117, 5-16-11 Op.); that dismissal was without prejudice to the plaintiff to move to reopen and to submit a proposed third amended complaint for screening.  (See 5-16-11 Order.)

**THE PLAINTIFF** then moved to reopen and submitted a proposed Third Amended Complaint.  (Dkt. entry no. 121, 1st Mot. to Reopen; dkt. entry no. 126, 2nd Mot. to Reopen (with proposed Third Amended Complaint annexed).)  The Court, therefore, reopened the action (dkt. entry no. 130), since the proposed Third Amended Complaint was subject to screening under Section 1915(e)(2).  See 28 U.S.C. § 1915(e)(2) (court is authorized to screen and dismiss pro se prisoner complaint "at any time" if it is frivolous or malicious, fails to state claim on which relief may be granted, or asserts claim against defendant who is immune).

**THE THIRD AMENDED COMPLAINT,** which is 41 pages long, asserts claims against the Second Set Of Defendants only.  (Dkt. entry no. 126-2.)  The Third Amended Complaint — once again — describes

5

events and the plaintiff's emotions in minute detail, covering events that took place between December 2004 and May 2010.  (See generally, id.)  Therefore, the Third Amended Complaint presents, in effect, a half-a-decade diary of alleged medical and dental mistreatment, psychiatric mistreatment, condition-of-confinement hardships, and assaults inflicted upon the plaintiff by other inmates.  (See id. at 5-40.)  As such, the Third Amended Complaint fails to meet the requirements of Rules 8, 18 and 20, as already explained by the Court to the plaintiff.  (See 8-14-08 Op. at 2-5.)  Therefore, the Third Amended Complaint is subject to dismissal on these grounds.

**MOREOVER**, the Third Amended Complaint lacks any facts asserting personal involvement by the Second Set Of Defendants in the alleged wrongs.  Rather, the plaintiff asserts that:

> New Jersey University of Medicine and Dentistry (NJUMD . . .) operating out of Newark, New Jersey is contracted through the New Jersey Department of Corrections . . . and directly responsible to ensure that they and/or their subcontractor provide meaningful, adequate, effective and proper medical care to plaintiff, and at all relevant times set fourth herein NJUMD relied upon and/or allowed: poor, failed, altered actions and/or inactions, false accusations and medical reports, adulterated medical and medicinal courses of actually prescribed medicinal treatments deliberately, indifferently, and unnecessarily denied, delayed, ceased, manipulated and interfered with the treatments and actual care prescribed to plaintiff which inflicted unnecessary and wanton pain upon plaintiff for his serious medical needs, illegally tried to force plaintiff to sign waiver of legal rights, defendants violated plaintiff's religious rights, discriminated against plaintiff; plaintiff's serious medical needs were amply diagnosed by several

6

>physicians as mandating treatment and the NJUMD acted
>deliberately indifferent to plaintiff's serious medical
>needs.  NJUMD breached and/or allowed breaching of
>contract, and N.J. District Court Ordered Settlements
>while failing to properly train and supervise employees
>and implement and/or non—implement proper practices and
>policies regarding health care. . . .

(Dkt. entry no. 126-2, at 2-3; see also id. at 3-4 (repeating, virtually verbatim, the same allegations against UCHC).)

**THESE ALLEGATIONS** unambiguously indicate that the plaintiff is suing the Second Set Of Defendants solely in their supervisory capacity, asserting the wrongs allegedly committed by employees of these defendants.  However, as the Court already explained to the plaintiff, claims based solely on respondeat superior are not viable under 42 U.S.C. § 1983.  (See 1-22-10 Op. at 8-9.) On the issue of supervisory liability, a litigant does not state a cognizable claim if he asserts nothing but a claim based on the respondeat superior theory.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-54 (2009); Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).  "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'"  Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).  Facts showing personal involvement of the defendant must be asserted.  There must be allegations of specific facts showing that a defendant expressly directed the

7

deprivation of a plaintiff's constitutional rights or created such policies where the subordinates had no discretion in applying the policies in a fashion other than the one which actually produced the alleged deprivation.  Supervisory liability may attach if the supervisor's actions were "the moving force" behind the harm suffered by the plaintiff.  See Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also Iqbal, 129 S.Ct. at 1949-54; City of Canton v. Harris, 489 U.S. 378 (1989); Monell, 436 U.S. at 694-95; Heggenmiller v. Edna Mahan Corr. Inst. for Women, 128 Fed.Appx. 240 (3d Cir. 2005); accord Junne v. Atl. City Med. Ctr., 2008 U.S. Dist. LEXIS 34147, at *27-37 (D.N.J. Apr. 25, 2008) (discussing invalidity of respondeat superior claims against county and its freeholders, warden, and other prison supervisors).  Since the plaintiff merely alleges that the Second Set Of Defendants are liable for the actions of their employees, and he does not assert any personal acts by these defendants, the plaintiff's claims will be dismissed.

    **LEAVE TO AMEND** is generally freely granted.  But "[a]llowing leave to amend where there is a stark absence of any suggestion by the plaintiffs [may] cure the defects in the pleadings . . . would frustrate Congress's objective in enacting this statute of provid[ing] a filter at the earliest stage (the pleading stage) to screen out lawsuits that have no factual basis." Cal. Pub. Empl. Ret. Sys. v. Chubb Corp., 394 F.3d 126, 164 (3d Cir. 2004)

(internal quotations and citation omitted); see In re Career Educ. Corp. Sec. Litig., 2007 U.S. Dist. LEXIS 23635, at *36 (N.D. Ill. Mar. 29, 2007) (where "plaintiffs have had ample opportunities to research and plead their claims," but failed to compose a sufficient pleading, the complaint must be dismissed with prejudice).

**THE COURT** has already advised the plaintiff that allegations based solely on respondeat superior cannot amount to viable claims (see 1-22-10 Op. at 8-9), and the plaintiff was given an opportunity to replead his claims against the Second Set Of Defendants. (See 5-16-11 Order; 5-16-11 Op.) His failure to assert facts indicative of the Second Set Of Defendants' personal involvement in the alleged wrongs shows that granting him further leave to amend his claims against these defendants would be futile. Therefore, his claims against the Second Set Of Defendants will be dismissed with prejudice.

**HOWEVER,** in the interests of justice, the plaintiff will be allowed to attempt to state these claims again, provided that his newly-drafted claims are (1) brought under a new and separate action against specific individual employees of the Second Set Of Defendants, and (2) drafted in compliance with Rule 8, Rule 18, and Rule 20.

**BASED ON THE FOREGOING,** the Third Amended Complaint will be dismissed with prejudice.  The Court will issue an appropriate order and judgment.

                                             s/ Mary L. Cooper  
                                             **MARY L. COOPER**  
                                             United States District Judge

Dated:  March 16, 2012